**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**


BRANDON MOYER,                          :        No. 3:11-cv-01811-EMK-SF
                                        :
                    Plaintiff           :
                                        :
        vs.                             :
                                        :
EUGENE H. BERDANIER, et al.,            :
                                        :
                    Defendants          :

**ANSWER OF DEFENDANT,**
**EUGENE BERDANIER TO PLAINTIFF'S COMPLAINT**

        Defendant, Eugene Berdanier, Warden of Schuylkill County Prison, by and

through his attorneys, Zimmerman, Lieberman & Tamulonis, enters the following

Answer and affirmative defenses to plaintiff's Complaint:

**ANSWER**

**I.      INTRODUCTION**

        1.      The averments of ¶ 1 of plaintiff's Complaint constitute a description

or characterization of plaintiff's contentions  in this action to which no response is

required under the applicable Rules of Civil Procedure.  In the event the

averments of ¶ 1 of plaintiff's Complaint are deemed factual, said averments are

denied.

        2.      The averments of ¶ 2 of plaintiff's Complaint constitute a description

or characterization of plaintiff's contentions in this action to which no answer is

required under the applicable Rules of Civil Procedure.  In the event the averments of ¶ 2 of plaintiff's Complaint are deemed factual, said averments are denied.

3.      The averments of ¶ 3 of plaintiff's Complaint constitute a description or characterization of plaintiff's contentions in this action to which no response is required under the applicable Rules of Civil Procedure.  In the event the averments of ¶ 3 of plaintiff's Complaint are deemed factual, said averments are denied.

**II.      JURISDICTION**

4.      The averments of ¶ 4 of plaintiff's Complaint constitute conclusions of law to which no answer is required under the applicable Rules of Civil Procedure.

**III.     VENUE**

4.      The averments of ¶ 4 of plaintiff's Complaint constitute conclusions of law to which no answer is required under the applicable Rules of Civil Procedure

**IV.     PARTIES**

5.      Admitted only that plaintiff is so identified.  The remaining averments of plaintiff's Complaint are denied in that plaintiff is currently incarcerated.

6.      Admitted only that Gene Berdanier was and is currently the Warden of Schuylkill County Prison.  The remaining averments of ¶ 6 of plaintiff's Complaint

2

constitute conclusions of law to which no answer is required under the applicable Rules of Civil Procedure.

7.      Admitted in part, denied in part.   Admitted only that defendant, James Preneta was employed as a correctional officer at the Schuylkill County Prison.   The remaining averments of ¶ 7 of plaintiff's Complaint constitute conclusions of law to which which no answer is required under the applicable Rules of Civil Procedure.    By way of further answer, if the allegations of excessive force and abuse are judicially established, former Correctional Officer Preneta was not in the scope of his employment. The remaining averments of ¶ 7 of plaintiff's Complaint are denied.

8.      Admitted in part, denied in part.  Admitted only that defendant, John Yeager was employed as a correctional officer at the Schuylkill County Prison. The remaining averments of ¶ 8 of plaintiff's Complaint constitute conclusions of law to which which no answer is required under the applicable Rules of Civil Procedure.    By way of further answer, if the allegations of excessive force and abuse are judicially established, former Correctional Officer Yeager was not in the scope of his employment.  The remaining averments of ¶ 8 of plaintiff's Complaint are denied.

9.      Admitted in part, denied in part.   Admitted only that defendant, Michael Galavage was employed as a correctional officer at the Schuylkill

County Prison.  The remaining averments of ¶ 9 of plaintiff's Complaint constitute conclusions of law to which which no answer is required under the applicable Rules of Civil Procedure.    By way of further answer, if the allegations of excessive force and abuse are judicially established, former Correctional Officer Michael Galavage was not in the scope of his employment.  The remaining averments of ¶ 9 of plaintiff's Complaint are denied.

10.    The averments of ¶ 10 of plaintiff's Complaint constitute a conclusions of law to which no answer is required under the applicable Rules of Civil Procedure.

**V.    STATEMENT OF FACTS**

11.    The averments of ¶ 11 constitute a description or characterization of claimant's contentions in this action to which no answer is required under the applicable Rules of Civil procedure.   In the event the averments of ¶ 11 of plaintiff's Complaint are deemed factual, said averments are denied.

12.    Admitted only that on March 23, 2011, plaintiff was sentenced to 30 days to 6 months in the Schuylkill County Prison by Judge Jacqueline L. Russell. The remaining averments of ¶ 12 of plaintiff's Complaint constitute a characterization of plaintiff's crimes which are denied.   On the contrary, the crimes for which plaintiff was convicted are set forth in the sentencing documents

which speaks for itself and to which no answer is required under the applicable Rules of Civil Procedure.

13.     Admitted only that plaintiff reported to the Schuylkill County Prison to begin his sentence on March 31, 2011 and that plaintiff was initially on work release while in confinement.   The remaining averments of ¶ 13 of plaintiff's Complaint are denied.

14.     Admitted only that on April 6, 2011, Robert Krammes, maintenance worker, observed plaintiff smoking in the prison and reported his observation to correctional officer, Michael Galavage.   By way of further answer, the Schuylkill County Prison is a smoke-free facility and smoking is strictly prohibited in the Schuylkill County Prison.

15.     Admitted only that on April 6, 2011, plaintiff was transported to cell E-13 of E Block of the Schuylkill County Prison.   The remaining conclusions and characterizations of ¶15 of plaintiff's Complaint are denied

16-32.     Denied.   To the extent the averments of ¶¶ 16-32 relate to parties other than answering defendant, no answer is required pursuant to the applicable Rules of Civil Procedure.   To the extent the averments of ¶¶ 16 through 32 of plaintiff's Complaint are deemed factual, it is admitted only that Warden Gene Berdanier subsequently became aware of an incident which allegedly occurred on April 7, 2011.   The remaining averments of ¶¶ 16-32 of plaintiff's Complaint are

denied.    After reasonable investigation, defendant is without knowledge or information to form a belief as to the truth or accuracy of said allegations and, accordingly, said allegations are denied.  Strict proof thereof is demanded.

33.    Admitted only that Pottsville Police Officer Yoder was at the Schuylkill County Prison on April 9, 2011.  The remaining averments of ¶ 33 of plaintiff's Complaint are denied.   After reasonable investigation, answering defendant is without knowledge or information to form a belief as to the truth or accuracy of the averments contained in ¶ 33 of the Complaint and, accordingly, said averments are denied.  Strict proof thereof is demanded at time of trial, if relevant.

34.    Denied.    After reasonable investigation, answering defendant is without knowledge or information to form a belief as to the truth or accuracy of the averments contained in ¶ 34 of the Complaint and, accordingly, said averments are denied.  Strict proof thereof is demanded at time of trial, if relevant.

35.    Admitted only that charges were filed against defendants, Preneta, Galavage and Yeager.  The charges speak for themselves and no answer is required under the applicable Rules of Civil Procedure.

36.    The averments of ¶ 36 of plaintiff's Complaint  are denied.  On the contrary, at all times material to answering defendant, plaintiff was evaluated and under the care of PrimeCare Medical staff.   To the extent the averments of ¶ 36 of plaintiff's Complaint are deemed factual, the averments of  ¶ 36 of plaintiff's

Complaint are denied as plaintiff was previously seen and evaluated by PrimeCare Medical staff and physicians at the Schuylkill County Prison.

37.     To the extent the averments of ¶ 37 of plaintiff's Complaint constitute a description or characterization of plaintiff's contentions in this action, no answer is required under the applicable Rules of Civil Procedure.  In the event the averments of ¶ 37 of plaintiff's Complaint are deemed factual, said averments are denied.

38.     Denied as stated.  It is admitted only that on or about April 12, 2011, plaintiff was taken to the Hazleton General Hospital and thereafter to the Geisinger Medical Center emergency room.  The remaining averments of ¶ 38 of plaintiff's Complaint are denied as plaintiff was previously seen and evaluated by PrimeCare Medical staff at the Schuylkill County Prison.

39.     Admitted only that plaintiff was given a CT scan and a second x-ray and that on April 14, 2011, plaintiff was evaluated by an ophthalmologist.  A description of plaintiff's injuries is contained in the medical records which are documents which speak for themselves and no answer is required pursuant to the applicable Rules of Civil Procedure.  In the event the remaining averments of ¶ 39 of plaintiff's Complaint is deemed necessary, said averments are denied.  After reasonable investigation, answering defendant is without knowledge or information to form a belief as to the truth or accuracy of the remaining

7

averments contained in ¶ 39 of the Complaint and, accordingly, said averments are denied.  Strict proof thereof is demanded at time of trial, if relevant.

40.     Denied as stated.  Upon return to the Schuylkill County Prison, plaintiff was placed in a medical cell, adjacent to the medical staff.

41.     Admitted only that PrimeCare physicians ordered medications which were distributed by PrimeCare medical staff.  The remaining averments of ¶ 41 of plaintiff's Complaint are denied.   After reasonable investigation, answering defendant is without knowledge or information to form a belief as to the truth or accuracy of the averments contained in ¶ 41 of the Complaint and, accordingly, said averments are denied.  Strict proof thereof is demanded at time of trial, if relevant.

42.     Admitted only that the lights in medical isolation/observation cells are illuminated 24 hours a day for observation purposes.  The remaining averments of ¶ 42 of plaintiff's Complaint are denied.  After reasonable investigation, answering defendants are without knowledge or information to form a belief as to the truth or accuracy of the averments contained in ¶ 42 of the Complaint and, accordingly, said averments are denied.  Strict proof thereof is demanded at time of trial, if relevant.

43.     Admitted only that on or about April 16, 2011, Resident Gonzales was transferred to Berks County Prison.  The remaining averments of ¶ 43 of plaintiff's Complaint are denied.

44.     Denied as stated.  Admitted only that on April 27, 2011, Warden Berdanier recommended that plaintiff's parole be denied by reason of his admission to smoking a cigarette in prison in violation of prison rules.  By way of further answer, the Schuylkill County Prison is a smoke-free institution and smoking is strictly prohibited.

45.     Admitted only that the Misconduct Citation was dismissed.  The remaining averments of ¶ 45 of plaintiff's Complaint are denied.  After reasonable investigation, answering defendant is without knowledge or information to form a belief as to the truth or accuracy of the averments contained in ¶45 of the Complaint and, accordingly, said averments are denied.  Strict proof thereof is demanded at time of trial, if relevant.

46.     Admitted only that plaintiff submitted a grievance relating to the April 7, 2011, incident on May 18, 2011.  The remaining averments of ¶ 46 of plaintiff's Complaint are denied.

47.     Admitted only that at the parole hearing before Judge Jacqueline Russell, Warden Berdanier opposed parole by reason of plaintiff's admission of cigarette smoking inside the Schuylkill County Prison.  By way of further answer, the

Schuylkill County Prison is a smoke-free facility and smoking is strictly prohibited in the Schuylkill County Prison.   The remaining averments of ¶ 47 of plaintiff's Complaint are denied.

48.      Admitted only that plaintiff was granted parole on May 20, 2011.  The remaining averments of ¶ 48 of plaintiff's Complaint are denied.

49.      The averments of ¶ 49 of plaintiff's Complaint constitute conclusions of law to which no answer is required under the applicable Rules of Civil Procedure.   In the event an Answer to the averments of ¶ 49 of plaintiff's Complaint are deemed necessary, said averments are denied.

50.      Admitted only that when initially incarcerated, plaintiff was on work release until observed smoking a cigarette on April 6, 2011, in violation of prison policy through his smoking misconduct of April 4, 2011.   The remaining averments of ¶ 50 of plaintiff's Complaint are denied.  After reasonable investigation, answering defendant is without knowledge or information to form a belief as to the truth or accuracy of the averments contained in ¶ 50 of the Complaint and, accordingly, said averments are denied.  Strict proof thereof is demanded at time of trial, if relevant.

51.      Denied.  Any denial of rights by answering defendant is denied.   After reasonable investigation, answering defendant is without knowledge or information to form a belief as to the truth or accuracy of the remaining averments contained in ¶ 51 of the Complaint and, accordingly, said averments are denied.   Strict proof thereof is demanded at time of trial, if relevant.

52.    Denied.    Any unconstitutional treatment of Mr. Moyer by answering defendant is denied.   After reasonable investigation, answering defendant is without knowledge or information to form a belief as to the truth or accuracy of the remaining averments contained in ¶ 52 of the Complaint and, accordingly, said averments are denied.   Strict proof thereof is demanded at time of trial, if relevant.    Any alleged violation of plaintiff's rights and failure to follow prison internal procedures are denied. The remaining averments of ¶ 52 of plaintiff's Complaint are denied by reason that after reasonable investigation, answering defendant is without knowledge or information to form a belief as to the truth or accuracy of the averments contained in ¶ 52 of the Complaint and, accordingly, said averments are denied.    Strict proof thereof is demanded at time of trial, if relevant.

53.    Denied.    Any abuse to Mr. Moyer by answering defendant is specifically denied.   By way of future answer, to the extent that plaintiff is currently unemployed and without a job is due to the fact that he is currently incarcerated following parole violation.

54.    The averments of ¶ 54 of plaintiff's Complaint constitute conclusions of law to which no answer is required under the applicable Rules of Civil Procedure. Moreover, to the extent the averments of ¶ 54 of plaintiff's Complaint constitute a description or characterization of plaintiff's contentions in this action, no answer is required under the applicable Rules of Civil Procedure.  In the event the averments of ¶ 54 of plaintiff's Complaint are deemed factual, said averments are denied.

55.    The averments of ¶ 55 of plaintiff's Complaint constitute conclusions of law to which no answer is required under the applicable Rules of Civil Procedure.

11

Moreover, to the extent the averments of ¶ 55 of plaintiff's Complaint constitute a description or characterization of plaintiff's contentions in this action, no answer is required under the applicable Rules of Civil Procedure. In the event the averments of ¶ 55 of plaintiff's Complaint are deemed factual, defendant admits only that co-defendants, Preneta, Yeager, and Galavage were terminated as a result of this incident. The remaining averments of ¶ 55 of plaintiff's Complaint are denied.

## VI.   CAUSES OF ACTION

### Count I
**Deliberate Indifference to Plaintiff's Eighth Amendment Rights**
**(42 U.S.C. § 1983)**

56.    The averments of ¶¶ 1 through 55 inclusive of this Answer are incorporated herein by reference as if fully set forth here at length.

55.-63.    The averments of ¶ ¶ 55 through 63 of plaintiff's Complaint constitute conclusions of law to which no answer is required under the applicable Rules of Civil Procedure.   Moreover, to the extent the averments of ¶¶ 55-63 inclusive of plaintiff's Complaint are directed to defendant-correctional officers, said averments relate to parties other than answering defendant and no answer is required pursuant to the applicable Rules of Civil Procedure.  Moreover, to the extent the averments of ¶¶ 57-63 are deemed factual, said averments are denied and the averments of ¶ 63 of plaintiff's Complaint are specifically denied.

**WHEREFORE,** Defendant, Gene Berdanier prays that the Complaint be dismissed and that judgment be entered in his favor and against plaintiff.

12

**Count II**
**Deliberate Indifference to Plaintiff's Eighth Amendment Rights**
**(42 U.S.C. § 1983) – Alleged Denial of Medical Treatment**

64.     The averments of ¶¶ 1 through 63 inclusive of this Answer are incorporated herein by reference as if fully set forth here at length.

65.     Denied. It is specifically denied that answering defendant denied plaintiff appropriate medical treatment.  On the contrary, plaintiff was promptly seen and evaluated by PrimeCare medical staff.

66.     Denied.  It is specifically denied that answering defendant denied plaintiff appropriate medical treatment.  On the contrary, plaintiff was promptly seen and evaluated by PrimeCare medical staff.

67.     Denied.  It is specifically denied that answering defendant denied plaintiff appropriate medical treatment.  On the contrary, plaintiff was promptly seen and evaluated by PrimeCare medical staff.

68.     Denied. It is specifically denied that answering defendant denied plaintiff appropriate medical treatment.  On the contrary, plaintiff was promptly seen and evaluated by PrimeCare medical staff.

69.     Denied. It is specifically denied that answering defendant denied plaintiff appropriate medical treatment.  On the contrary, plaintiff was promptly seen and evaluated by PrimeCare medical staff.

70.     Denied. It is specifically denied that answering defendant denied plaintiff appropriate medical treatment.  On the contrary, plaintiff was promptly seen and evaluated by PrimeCare medical staff.

13

71.     Denied. It is specifically denied that answering defendant denied plaintiff appropriate medical treatment.  On the contrary, plaintiff was promptly seen and evaluated by PrimeCare medical staff.

72.     Denied.  When Warden Berdanier first became aware of the incident, plaintiff had been evaluated and under the care of PrimeCare medical staff.

73.     The averments of ¶ 73 of plaintiff's Complaint constitute conclusions of law to which no answer is required under the applicable Rules of Civil Procedure.  In the event the averments of ¶ 73 are deemed factual, said averments are denied.

**WHEREFORE,** Defendant, Gene Berdanier prays that the Complaint be dismissed and that judgment be entered in his favor and against plaintiff.

<u>**Count III**</u>
**Policy, Custom and Practice (42 U.S.C. § 1983)**

74.     The averments of ¶ ¶ 1 through 73 inclusive of this answer are incorporated herein by reference as if fully set forth here at length.

75.     Denied as stated.  By way of further answer, any criminal history was not related to the applicant's suitability for employment.  Background checks were performed by Sheriff's Department.  None of the alleged violations related to the applicant's suitability for employment and could not be considered pursuant to 18 Pa. C.S.A. § 9121(b) and the denial of employment based upon a prior criminal conviction not related to the position has been held to be a violation of public policy.

76.     Denied.  Answering defendant was aware only of a prior DUI violation. After reasonable investigation, answering defendant is without sufficient knowledge or

14

information to belief as to the truth or accuracy of the averments of ¶ 76 of plaintiff's Complaint and said averments are denied. The averments of ¶ 75 of this Answer are incorporated herein by reference as if fully set forth at length. By way of further answer, there is no causal connection between the alleged violations of law and the alleged assault upon plaintiff. The remaining averments of ¶ 76 of plaintiff's Complaint are denied.

77.     Denied.

78.     The averments of ¶ 78 of plaintiff's Complaint constitute conclusions of law to which no answer is required under the applicable Rules of Civil Procedure. In the event the averments of ¶ 78 of plaintiff's complaint are deemed factual, said averments are denied.

79.     The averments of ¶ 79 of plaintiff's Complaint constitute conclusions of law to which no answer is required under the applicable Rules of Civil Procedure.

80.     Denied. Answering defendant denies any of the customs, policies or practices alleged in ¶ 80 of the Complaint and further denies any acquiescence to excessive force and/or denial of proper medical treatment.

81.     Denied. Answering defendant denies the alleged practice, any custom or policy of abuse or acquiescence thereto.

**WHEREFORE,** Defendant, Gene Berdanier prays that the Complaint be dismissed and that judgment be entered in his favor and against plaintiff.

<u>Count IV</u>
**Policy, Custom and Practice (42 U.S.C. § 1983) – Deliberately
Indifferent Supervisors**

82.     The averments of ¶ ¶ 1 through 81 inclusive of this answer are incorporated herein by reference as if fully set forth here at length.

83.     The averments of ¶ 83 of plaintiff's Complaint constitute conclusions of law to which no answer is required under the applicable Rules of Civil Procedure.  In the event the averments of ¶ 83 of plaintiff's Complaint are deemed factual, said averments are denied.

84.     Denied.  For reasons previously stated, answering defendant denies policies and practices as alleged in the Complaint and further denies any causal connection between the duly adopted policies and practices of the prison and the alleged injuries sustained by plaintiff.

85.     Denied.  Answering defendant denies the policies and practices as alleged in the Complaint and further denies any causal connection between the duly adopted policies of the prison and plaintiff's injury.

86.     Denied.  Answering defendant was not and is not indifferent to the risk of harm to prisoners.

87.     Denied.  Plaintiff's injury did not result from any policy or practice of the prison.

88.     Denied.  Any alleged policy of wanton and unnecessary violence perpetrated by prison guards is denied.

16

**WHEREFORE,** Defendant, Gene Berdanier prays that the Complaint be dismissed and that judgment be entered in his favor and against plaintiff.

### SECOND DEFENSE

The Complaint fails to state a claim against which relief may be granted as to some or all of the claims asserted in the Complaint.

### THIRD DEFENSE

The Court lacks jurisdiction over some or all of the claims asserted in the Complaint.

### FOURTH DEFENSE

Plaintiff failed to exhaust administrative remedies by filing a timely grievance or appealing the denial of the untimely grievance, thereby precluding this action pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997(e)(a).

### FIFTH DEFENSE

Answering defendant did not participate in and did not observe the administration of alleged excessive force.

### SIXTH DEFENSE

Answering defendant is entitled to qualified immunity, which has been determined to be a right not to go to trial and to be free of burdens of litigation.

### SEVENTH DEFENSE

Answering defendant may not be held liable for punitive damages in his official capacity.

17

## EIGHTH DEFENSE

Answering defendant may not be held liable under a doctrine of respondeat superior or vicarious liability.

## NINTH DEFENSE

The Complaint fails to state a claim for supervisory liability.

## TENTH DEFENSE

Plaintiff's failure to train claim is precluded by reason of the fact that training was provided to correctional officers as to the proper use of force and plaintiff does not identify any specific training that the prison administration failed to provide that directed caused the injury or demonstrate that such failure reflected deliberate indifference.

## ELEVENTH DEFENSE

At no time material hereto did answering defendant adopt any policy, practice or custom or perform any act or omission which would constitute a deliberate indifference to the rights of the plaintiff under the Constitution or laws of the United States.

## TWELFTH DEFENSE

Plaintiff's claim for damages as to answering defendant are barred, in whole or in part, by virtue of the fact that said damages arise from the alleged injury and not the result of any policy, custom or practice or any deliberate indifference to serious medical needs.

**THIRTEENTH DEFENSE**

To the extent any act or omission on behalf of answering defendant may be considered negligence, plaintiff failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

**FOURTEENTH DEFENSE**

There is no direct causal link between any duly adopted prison or practice and any alleged constitutional violation and/or any injury to plaintiff.

**FIFTEENTH DEFENSE**

At all times material to answering defendant, plaintiff was under the care and treatment of physicians and medical staff employed by PrimeCare Medical, Inc., and any determination of medical necessity and/or treatment was made by PrimeCare medical staff.

**SIXTEENTH DEFENSE**

Answering defendant is entitled to judgment, in whole or in part, by virtue of the fact that plaintiff's alleged injuries and damages were not proximately caused by any deliberate indifference, act or omission on behalf of answering defendant.

**SEVENTEENTH DEFENSE**

Answering defendant is entitled to judgment on the ground that he had no personal involvement in the alleged incident wherein plaintiff alleges he was assaulted and did not participate therein.

### EIGHTEENTH DEFENSE

At all times material hereto, plaintiff was under the care of duly licensed medical professionals employed by PrimeCare Medical, Inc. and, answering defendant had no reason to believe or actual knowledge that the prison medical staff was not treating or, in the alternative, mistreating plaintiff.

### NINETEENTH DEFENSE

The evaluation of injuries and determination of treatment is a medical decision to be made by duly licensed medical personnel.

### TWENTIETH DEFENSE

Answering defendant may not be liable by reason of any alleged disagreement by plaintiff as to the manner in which he was treated by PrimeCare Medical staff.

### TWENTY-FIRST DEFENSE

If the allegations of the Complaint as to co-defendant correctional officers are established as true and if it is judicially determined that plaintiff's injuries were as a result of unwarranted or excessive force and/or it is judicially determined that co-defendants correctional officers denied medical treatment, then co-defendant correctional officers were not acting within the scope of their employment with Schuylkill County Prison and, therefore, not acting in their official capacity.

### TWENTY-SECOND DEFENSE

Answering defendant and remaining defendants, including Correctional Officer co-defendants may not be held liable for punitive damages in their official capacity

**TWENTY-THIRD DEFENSE**

Plaintiff's claim for punitive is barred and an award for such damages would not be sustainable to the extent that any amount of such award would exceed the amount of any award for compensable damages.

**TWENTY-FOURTH DEFENSE**

Plaintiff's claim for punitive damages is barred because such claims do not meet the requirement of malice or reckless indifference as to answering defendant.

**TWENTY-FIFTH DEFENSE**

Answering defendant cannot be held vicariously liable for any award of punitive damages entered against co-defendant-Correctional Officers in their individual capacities.

**TWENTY-SIXTH DEFENSE**

Plaintiff's claim for punitive damages is barred to the extent that the award of such damages would violate the provisions of the Constitution of the United States or the Constitution of the Commonwealth of Pennsylvania.

**WHEREFORE,** Defendant, Gene Berdanier prays that the Complaint be dismissed and that judgment be entered in his favor and against plaintiff.

ZIMMERMAN, LIEBERMAN & TAMULONIS

BY:  *s/Frank L. Tamulonis, Jr.*
          Frank L. Tamulonis, Jr., Esquire
          Attorney I. D. No. PA20808
          Attorneys for Gene Berdanier,
          Warden

21